34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Frederick DURBIN, Plaintiff-Appellant,
v.
LOCAL 52 INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMENS
UNION; Pacific Maritime Association, Defendants-Appellees.
 No. 94-35068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Frederick Durbin appeals pro se the district court's summary judgment for defendants in Durbin's action for tortious breach of employment contract and unjust termination of employment. The district court determined that Durbin's claims are (1) preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185, and (2) time-barred. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Carr v. Pacific Maritime Ass'n, 904 F.2d 1313, 1315 (9th Cir.1990), cert. denied, 498 U.S. 1084 (1991), and affirm.
 
 
 3
 Durbin contends the district court erred by determining that his claims are preempted by section 301 of the LMRA because resolution of his claims does not require interpretation of a collective bargaining agreement. This contention lacks merit.
 
 
 4
 It is undisputed in the record that Durbin failed to work the amount of time required of employees under the collective bargaining agreement ("CBA") that exists between the defendants. It is also undisputed that defendants deregistered Durbin according to the terms of the CBA. Our review of the allegations in Durbin's complaint indicates that all of his causes of action arise out of defendants' conduct in deregistering him. We therefore conclude that the district court did not err by determining that Durbin's claims are preempted by section 301 of the LMRA. See Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1408 (9th Cir.1992) (as amended), cert. denied, 113 S.Ct. 2927 (1993) (state-law claim preempted by section 301 of LMRA if claim requires interpretation of collective bargaining agreement).
 
 
 5
 We reject Durbin's arguments that his claims are not preempted because defendants' conduct in deregistering him (1) was retaliatory, and (2) violated public policy. As we stated above, the undisputed facts show that Durbin failed to work the amount of time required of employees under the CBA, and that he was deregistered for that reason, as is allowed under the CBA. In opposing summary judgment, Durbin failed to submit any evidence to show he was deregistered for any other reason.
 
 
 6
 Durbin also contends the district court erred by determining that his claims are time-barred. This contention lacks merit.
 
 
 7
 Durbin argues that Washington's three-year statute of limitations applicable to personal injury actions is applicable here. Durbin's claims are preempted by section 301 of the LMRA, however, and are therefore governed by the six-month statute of limitations contained in section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 155 (1983).
 
 
 8
 It is undisputed that Durbin was deregistered on or about October 15, 1992 pursuant to the area arbitrator's decision. The district court correctly determined that Durbin's claim accrued at that time, see Harris v. Alumax Mill Prods., Inc., 897 F.2d 400, 404 (9th Cir.), cert. denied, 498 U.S. 835 (1990), and that Durbin's suit, filed on August 3, 1993, was therefore untimely, see DelCostello, 462 U.S. at 155.
 
 
 9
 Durbin also contends he is entitled to a jury trial. Because no bona fide question of material fact exists in this case, a jury trial is unnecessary. See Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1077 n. 3 (9th Cir.1986) (jury trial not necessary if no bona fide fact question exists).
 
 
 10
 Finally, Durbin appears to assert in his opening brief that the district court judge was biased against him. Durbin offers no evidence, however, that this alleged bias stems from an extrajudicial source. See Taylor v. Regents of the Univ. of Cal., 993 F.2d 710, 712 (9th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 890 (1994). Accordingly, reversal on this basis is not warranted.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3